UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KENNETH EVANS,

          Plaintiff,

    v.

E. BROWN, et al.,

          Defendants.

Case No. 16-cv-07318-YGR (PR)

**ORDER GRANTING DEFENDANTS' MOTION TO REVOKE *IN FORMA PAUPERIS* STATUS AND TO DISMISS ACTION WITHOUT PREJUDICE; AND TERMINATING ALL OTHER PENDING MOTIONS AS MOOT**

## I. INTRODUCTION

Plaintiff, an inmate currently incarcerated at San Quentin State Prison and frequent litigant in federal court, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. He was previously granted leave to proceed *in forma pauperis* ("IFP").

The parties are presently before the Court on Defendants' motion to revoke Plaintiff's IFP status, pursuant to 28 U.S.C. § 1915(g), and to dismiss the action without prejudice. Dkt. 25. Also pending before this Court are various pending motions filed by both parties, including Plaintiff's motion for summary judgment (dkt. 36), his motion for appointment of counsel (dkt. 37), his motions for default judgment (dkts. 53, 56-61), his other miscellaneous motions (dkts. 29, 42, 74), and Defendants' motion to stay discovery (dkt. 45).

Having read and considered the papers submitted, and being fully informed, the Court GRANTS Defendants' motion to revoke Plaintiff's IFP status and to dismiss the action for the reasons set forth below, and it terminates all other remaining pending motions as moot.

## II. BACKGROUND

On December 23, 2016, Plaintiff, a practicing Muslim, filed his complaint, alleging that

prison officials at SQSP have denied him the opportunity to participate in the prison's "Ramadan Meal Program," in accordance with his Muslim religious beliefs and in violation of his constitutional rights and those guaranteed under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1. Dkt. 1 at 4.[1] Plaintiff named the following Defendants: Governor of the State of California Edmund G. Brown, Jr.; California Department of Corrections and Rehabilitation ("CDCR") Secretary Scott Kernan; SQSP Muslim Chaplain Q. Kawsar Hossain; SQSP Appeals Coordinator L. Rangel; and SQSP Correctional Officer C. Koenig. *Id.* at 5. Plaintiff sought declaratory and injunctive relief, as well as monetary and punitive damages. *Id.* at 8-10.

On July 24, 2017, the Court granted Plaintiff's motion for leave to proceed IFP. Dkt. 15. On July 26, 2017, the Court issued an Order of Partial Dismissal and Service. Dkt. 16. The following background is taken from the Court's July 26, 2017 Order, which states as follows:

> . . . Plaintiff is a practicing Muslim incarcerated at SQSP. He has been practicing Muslim since February 9, 2003. As part of his religious beliefs, Plaintiff must eat only Halal food. Because SQSP does not offer Halal food, Plaintiff received a CDCR-issued "Religious Diet Card" granting him access to a vegetarian "Religious Diet" and the "Jewish Kosher" meal plan, because "vegetarian and/or Kosher" food is the only acceptable substitute to eating strictly Halal recognized by his Muslim faith. Dkt. 1 at 5, 7, 14, 20. However, Plaintiff contends that as a result of obtaining these "Religious Diet Card[s]" and attending Jewish Services, Defendants have denied him of his right to participate in the 30-day "Ramadan Meal Plan" because of "[his] Jewish Diet." *Id.* at 7, 22.

> In the present complaint, Plaintiff alleges that Defendants have denied him of the right to participate in the "Ramadan Meal Program" for the past two years. *Id.* at 22. Plaintiff has attached to his complaint copies of his requests to participate in the meal program, which include the grievances Plaintiff submitted to Defendants Hossain, Rangel, and Koenig, as well as Defendants' responses and explanations with regards to the decision to deny Plaintiff's request for entry into the Ramadan Meal Program. *Id.* at 13, 28, 33. As explained by a memorandum authored by SQSP Warden Ron Davis, and subsequently provided to Plaintiff in July 2015, Plaintiff's aforementioned request was denied as follows: "The Religious Diet Program Agreement (CDC 3030A) states you may change your religious diet no more than once each year. It further states that you will eat only those food items served as part

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by the parties.

of the Religious Diet Program, which you indicated as the Jewish Kosher specific menu." *Id.* at 38. Thus, Plaintiff claims that Defendants "determined the Ramadan once a year diet in the month of Ramadan is reserved exclusively for Muslims who did not have a court order[ed] diet." *Id.* at 4. He argues that "[t]his religious discrimination is based upon violating Plaintiff's [rights under the] First and Fourtee[nth] Amendment to the U.S. Constitution, the [RLUIPA] . . . ." *Id.*

Giving it the liberal construction to which it is entitled, the complaint states cognizable claims for violation of Plaintiff's First Amendment right to the free exercise of religion, First Amendment Establishment Clause, Fourteenth Amendment equal protection rights, and rights under RLUIPA. The complaint adequately links Defendants Hossain, Rangel, and Koenig.

Dkt. 16 at 3-4. Upon its initial review of the complaint, the Court dismissed the supervisory liability claims against Defendants Brown and Kernan because Plaintiff failed to allege any facts to establish supervisorial liability on the part of these Defendants. And, as mentioned above, the Court determined that the complaint stated cognizable religious practices claims under section 1983 against Defendants Hossain, Rangel, and Koenig.

As mentioned above, Defendants filed a motion requesting the Court revoke Plaintiff's IFP status under 28 U.S.C. § 1915(g) and to dismiss the instant action. Dkt. 25. Plaintiff filed an opposition, Defendants filed a reply, and Plaintiff filed an unsolicited surreply to the reply. Dkts. 27, 28, 31, 34.

## III. DISCUSSION

### A. 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act of 1995 ("PLRA") was enacted, and became effective, on April 26, 1996. It provides that a prisoner may not bring a civil action IFP under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Section 1915(g) requires that this Court consider prisoner actions dismissed before, as well as after, the statute's 1996 enactment. *Tierney v. Kupers*, 128 F.3d 1310, 1311-12 (9th Cir. 1997).

Section 1915(g) is commonly referred to as the "three strikes rule." The three strikes rule

1     "requires so-called 'frequent filer' prisoners to prepay the entire filing fee before federal courts

2     may consider their civil actions and appeals." *Kinnell v. Graves*, 265 F.3d 1125, 1127 (10th Cir.

3     2001).

4          For purposes of a dismissal that may be counted under section 1915(g), the phrase "fails to

5     state a claim on which relief may be granted" parallels the language of Federal Rule of Civil

6     Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is

7     "of little weight or importance: having no basis in law or fact," and the word "malicious" refers to

8     a case "filed with the 'intention or desire to harm another.'" *Andrews v. King*, 398 F.3d 1113,

9     1121 (9th Cir. 2005) (citation omitted) ("*Andrews I*"). Only cases within one of these three

10    categories can be counted as strikes for section 1915(g) purposes. *See id.* Dismissal of an action

11    under section 1915(g) should only occur when, "after careful evaluation of the order dismissing an

12    [earlier] action, and other relevant information, the district court determines that the action was

13    dismissed because it was frivolous, malicious or failed to state a claim." *Id.*

14         *Andrews I* requires that the prisoner be given notice of the potential applicability of

15    section 1915(g), by either the district court or the defendants, but also requires the prisoner to bear

16    the ultimate burden of persuasion that section 1915(g) does not bar pauper status for him. *Id.* A

17    defendant seeking to challenge a prisoner's IFP status has the burden of producing evidence that

18    allows the district court to conclude that the prisoner plaintiff has suffered at least three prior

19    dismissals that count as strikes under section 1915(g). *Id.* at 1120. Once the defendants have met

20    this initial burden, the burden shifts to the prisoner to show why a prior dismissal should not count

21    as a strike, or why he is entitled to the imminent danger of serious physical injury exception. *Id.*

22         A dismissal under section 1915(g) means that a prisoner cannot proceed with his action as

23    a pauper under section 1915(g), but he still may pursue his claims if he pays the full filing fee at

24    the outset of the action. *See Tierney v. Kupers*, 128 F.3d 1310, 1311-12 (9th Cir. 1997) (affirming

25    district court's denial of IFP status and dismissing complaint without prejudice under section

26    1915(g)).

27    **B.    Plaintiff's Prior "Strikes"**

28         Defendants allege that Plaintiff has filed, while incarcerated, at least three actions in the

4

United States District Court for the Central District of California that were dismissed on the basis that they were frivolous, malicious, or failed to state claim.  At the time Plaintiff was granted leave to proceed IFP, the Court was unaware that Plaintiff had filed any of these cases or the basis of the dismissals of any such cases in other districts, i.e., the United States District Court for the Central District of California.

This Court GRANTS Defendants' request for judicial notice of the court documents provided in support of the motion to dismiss on the grounds that Plaintiff is barred from proceeding IFP under 28 U.S.C. § 1915(g).[2]  Dkt. 26.  Defendants argue that the following dismissals may be counted as dismissals for purposes of section 1915(g): (1) *Evans v. Brown, et al.*, No. CV 04-2491 UA (SS) (C.D. Cal. Apr. 28, 2004) (district court denied IFP status because civil rights complaint was frivolous and all defendants were immune from liability); (2) *Evans v. Lt. Evans, et al.*, No. CV 05-5044 DDP (SS) (C.D. Cal. Feb. 25, 2008) (granting motion for judgment on the pleadings upon determining that civil rights amended complaint must be dismissed for failure to state a claim as a matter of law); (3) *Evans v. Dep't Corr. & Rehab., et al.*, No. CV 10-6919 UA (SS) (C.D. Cal. Mar. 2, 2011) (district court denied IFP status because civil rights complaint failed to state a claim upon which relief may be granted); and (4) *Evans v. Access Securepak Co., et al.*, No. CV 12-9472 UA (SS) (C.D. Cal. Dec. 5, 2012) (same).[3]  *See* Dkt. 25 at 8-10; Dkt. 26-1 at 2-87 (Exs. A-O).

Although Defendants have attempted to list four prior dismissals, only three prior

---

[2] The district court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."  *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (internal quotation marks and citations omitted) (granting request to take judicial notice in section 1983 action of five prior cases in which plaintiff was *pro se* litigant, to counter her argument that she deserved special treatment because of her *pro se* status).

[3] Defendants have also listed another case, *Evans v. E. Valenzueal*, No. CV 12-1758 DDP (SS), as one of Plaintiff's previously filed actions in the Central District.  Dkt. 25 at 6.  However, Defendants do not argue that this action involves a dismissal that may be counted as one of the dismissals for purposes of section 1915(g).  *See id.*  Instead, Defendants have indicated that the Central District "issued an Order to Show Cause as to why the Court should not deem [Plaintiff] a vexatious litigant."  *Id.* (citing Dkt. 26-1 (Exs. D-E).)  In addition, Defendants have pointed out that the Order to Show Cause noted that Plaintiff "filed fifteen actions in the Central District of California since 2003, including two habeas actions and thirteen civil rights actions."  Dkt. 26-1 at 25-30 (Ex. E).

dismissals need qualify under section 1915(g). This Court must review at least three dismissals to determine whether they qualify as strikes under section 1915(g). *See Andrews I*, 398 F.3d at 1121. Here, the Court will review all four dismissals in Case Nos. CV 04-2491 UA (SS), CV 05-5044 DDP (SS), CV 10-6919 UA (SS), and CV 12-9472 UA (SS), which were all entered before the instant action was brought by Plaintiff on December 23, 2016, in order to determine whether they may be counted as dismissals for purposes of section 1915(g). As further explained below, these dismissals all qualify as "strikes" under section 1915(g). *See id.*

### 1. Case No. CV 04-2491 UA (SS) – First Strike

In *Evans v. Brown, et al.*, No. CV 04-2491 UA (SS), the magistrate judge recommended to deny Plaintiff's request to proceed IFP because his complaint was "legally and/or factually patently frivolous" and the named defendants were "immune from liability for monetary damages." Dkt. 26-1 at 51-53 (Ex. J). On April 28, 2004, the Central District adopted the magistrate judge's findings and recommendations and denied Plaintiff's request to proceed IFP. *Id.* at 51.

The Ninth Circuit has held that a case is "dismissed" for the purposes of section 1915(g) "when the court denies the prisoner's application to file the action without prepayment of the filing fee on the ground that the complaint is frivolous, malicious or fails to state a claim, and thereupon terminates the complaint." *O'Neal v. Price*, 531 F.3d 1146, 1152 (9th Cir. 2008). When a district court disposes of an IFP complaint on such grounds, the complaint is "dismissed" for the purposes of section 1915(g) "even if the district court styles such dismissal as denial of the prisoner's application to file the action without prepayment of the full filing fee." *Id.* at 1153 (finding that the district court necessarily reviewed the complaints and made an assessment on their merits in making the determination whether the actions qualified for IFP status). This was indeed the case in No. CV 04-2491 UA (SS), wherein the district judge of the Central District adopted the magistrate judge's findings and recommendations and denied Plaintiff's request to proceed IFP because the complaint was frivolous. Dkt. 26-1 at 51. Therefore, the aforementioned decision in Case No. CV 04-2491 UA (SS) constitutes a qualifying strike under section 1915(g). *See Andrews I*, 398 F.3d at 1120.

### 2. Case No. CV 05-5044 DDP (SS) – Second Strike

In *Evans v. Lt. Evans, et al.*, No. CV 05-5044 DDP (SS), the magistrate judge of the Central District recommended to grant Defendants' Motion for Judgment on the Pleadings because the amended complaint failed to state a claim as a matter of law, and also recommended to dismiss the entire action with prejudice. Dkt. 26-1 at 70-82 (Ex. M). On February 25, 2008, the Central District issued an order adopting in full the recommendation of the magistrate judge and dismissed Plaintiff's claims with prejudice. *Id.* at 84-85 (Ex. N). Judgment was entered on February 25, 2008. *Id.* at 87 (Ex. O). Plaintiff fails to provide persuasive evidence that rebuts the showing by Defendants that failure to state a claim is a qualifying reason for a strike under section 1915(g). Therefore, the Court finds that Defendants have met the burden of establishing that Case No. CV 04-2491 UA (SS) was dismissed for a qualifying reason under section 1915(g), and therefore counts as a strike. *See Andrews I*, 398 F.3d at 1120.

### 3. Case No. CV 10-6919 UA (SS) – Third Strike

Defendants argue that *Evans v. Dep't Corr. & Rehab., et al.*, No. CV 10-6919 UA (SS) may be counted as a dismissal for purposes of section 1915(g). Dkt. 25 at 8-9. However, in his opposition, Plaintiff argues that Case No. CV 10-6919 UA (SS) is not a case involving him. Dkt. 27 at 2, Ex. C-2. In support of his argument, Plaintiff attaches to his opposition a letter from an attorney, Robert A. Escalante, Esq., entitled "Re: May 7 Letter Concerning Mistaken Identity" and relating to *Kenneth Evans v. CSP Sacramento, et al.*, USDC-EDC, Case No. CIV-S-10-1969 GEB GGH P. Dkt. 27, Ex. C-2. Attorney Escalante stated that "a letter was sent to [Plaintiff] by mistake" and Plaintiff would "no longer receive correspondences with respect to that case (*Kenneth Evans v. CSP Sacramento, et al.*, USDC-EDC, Case No. CIV-S-10-1969 GEB GGH P.)." *Id.* The Court notes that the case at issue here—Case No. CV 10-6919 UA (SS)—is a case from the Central District, and the case referenced to by Attorney Escalante in the letter seems to have the same case number, but it is from the *Eastern* District. *See id.* In addition, while the numerical case numbers are identical, the remaining portion of the case numbers are not. *Compare* Case No. CV 10-6919 **UA (SS)** *with* Case No. CIV-S-10-1969 **GEB GGH P**. Finally, Defendants have submitted documents related to Case No. CV 10-6919 UA (SS), which have

7

Plaintiff's correct prison number: CDC #C-30681. Dkt. 26-1 at 39. Therefore, the Court finds unavailing Plaintiff's argument that Case No. CV 10-6919 UA (SS) is not his case, and it will now consider whether it can be counted as a dismissal for purposes of section 1915(g).

In Case No. CV 10-6919 UA (SS), the magistrate judge recommended to deny Plaintiff's request to proceed IFP because his complaint failed to state a claim upon which relief may be granted and it "sought monetary relief from a defendant immune from such relief." Dkt. 26-1 at 39-41 (Ex. H). On March 2, 2011, the Central District adopted the magistrate judge's findings and recommendations and denied Plaintiff's request to proceed IFP. *Id.* at 39. As explained above, a court's denial of a plaintiff's more for leave to proceed IFP constitutes a strike for the purposes of section 1915 when the denial is based on one of the three identified grounds in the statute. *See O'Neal*, 531 F.3d at 1152. Thus, Defendants argue that the district court's denial of IFP status in Case No. CV 10-6919 UA (SS) constitutes an additional strike against Plaintiff under section 1915(g). Dkt. 25 at 8-9. While Plaintiff challenges Defendants' assertion by arguing that Case No. CV 10-6919 UA (SS) did not involve him, the Court has found his argument unavailing. Therefore, Defendants have met the burden of establishing that Case No. CV 10-6919 UA (SS) counts as a strike. *See Andrews I*, 398 F.3d at 1120.

### 4.  Case No. CV 12-9472 UA (SS) – Fourth Strike

In *Evans v. Access Securepak Co., et al.*, No. CV 12-9472 UA (SS), the magistrate judge recommended to deny Plaintiff's request to proceed IFP upon determining that his complaint failed to state a claim upon which relief may be granted because the defendant did not act under state law. Dkt. 26-1 at 16-17 (Ex. C). On December 5, 2012, the Central District adopted the magistrate judge's findings and recommendations and denied Plaintiff's request to proceed IFP. *Id.* at 16. Defendants again argue that the district court's denial of IFP status in Case No. CV 12-9472 UA (SS) constitutes an additional strike for the purposes of section 1915. Dkt. 25 at 8 (citing *O'Neal*, 531 F.3d at 1152). Plaintiff has not challenged Defendants' assertion. Therefore, Defendants have met the burden of establishing that Case No. CV 12-9472 UA (SS) counts as a strike. *See Andrews I*, 398 F.3d at 1120.

In sum, Plaintiff's four aforementioned dismissals constitute "strikes" under section

1915(g).[4]  Thus, Plaintiff's IFP status must be revoked unless he can show that he is entitled to the imminent danger of serious physical injury exception under section 1915(g).

## C.  Imminent Danger Exception

A plaintiff barred from bringing an action IFP because he has three strikes may still proceed without prepaying court fees if he can show he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  The availability of the exception turns on the "conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time."  *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("*Andrews II*").  As this is merely a "threshold procedural" question, the Ninth Circuit has indicated that district courts should not conduct an overly detailed inquiry into whether a particular danger is serious enough under the serious physical injury prong.  *Id.* at 1055.  Rather, "the exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing."  *Id.*  In order to satisfy the imminence prong, the prisoner must allege that the danger is ongoing.  *See id.* at 1056-57.

A district court should liberally construe the allegations in a complaint filed by a *pro se* prisoner facing a section 1915(g) bar.  *See McAlphin v. Toney*, 281 F.3d 709, 710-11 (8th Cir. 2002) (liberally construing allegations in complaint for initial determination of whether prisoner is under imminent danger of serious physical injury).  It is sufficient if any part of the complaint plausibly alleges that the prisoner is in imminent danger of serious physical injury at the time of filing.  *Andrews II*, 493 F.3d at 1053.

Here, the question is whether Plaintiff was in imminent danger on December 23, 2016, the date he filed his complaint.  The Court finds that Plaintiff's allegations fail to show that he was.  As mentioned above, Plaintiff alleged in his complaint that beginning two years prior to the filing date, SQSP officials denied him the opportunity to participate in the prison's "Ramadan Meal Program," in accordance with his Muslim religious beliefs.  Dkt. 1 at 4.  The Court notes that

---

[4] The Court points out that even if it had found that Case No. CV 10-6919 UA (SS) did not involve Plaintiff, the result would not have changed because only *three* prior dismissals need qualify under section 1915(g).  As shown above, the Court reviewed Plaintiff's three other dismissals and determined that they all qualified as strikes under section 1915(g).

United States District Court
Northern District of California

Plaintiff's complaint does not allege that he faced an imminent danger of serious physical injury at the time he filed his complaint. *See generally* Dkt. 1. However, in his opposition, Plaintiff claims that "at th[e] time of submitting his civil action, [he] was in imminent danger of serious physical injury of a liver disease [h]epatitis C . . . [because] Plaintiff has had [hepatitis C] since 2012." Dkt. 27 at 1. Plaintiff claims that "Defendan[t]s' employer [California] Department of Corrections and Rehabilitation refuse[d] Plaintiff the medical treatment, [including] the new [h]epatitis C medication Harvoni saying at the cost of $1,200 per usage the treatment is to[o] expensive." *Id.* Plaintiff has also attached various medical records to his opposition, which indicate that he also suffered from other various ailments, including "significant bunion deformity [in the] left foot." *Id.*, Ex. B at 1.

The Court notes that Plaintiff fails to make reference to any hepatitis C infection or bunion deformity in his complaint. *See* Dkt. 1. Such allegations of Plaintiff's long-standing health problems do not show he "faced 'imminent danger of serious physical injury' at the time of filing." *See Andrews II*, 493 F.3d at 1055. Said differently, Plaintiff's argument that he suffered from certain health problems two years prior is of no consequence because imminent danger for purposes of the section 1915(g) exception is assessed at the time the action at issue was filed, "not at some earlier or later time." *Id.* at 1053.

"[A] prisoner who alleges that prison officials continue with a practice that has injured him or others similarly situated in the past will satisfy the "ongoing danger" standard and meet the imminence prong of the three strikes exception." *See id.* at 1056-57. In *Andrews II*, the plaintiff alleged in his complaint that the ongoing practice of not screening and segregating inmates with HIV and hepatitis C threatened his health, in violation of the Eighth Amendment. *See id.* at 1050. The Ninth Circuit determined that plausible allegations by the plaintiff in *Andrews II* that prison conditions may cause or worsen a chronic condition such as HIV or hepatitis C was sufficient to bring the complaint within the imminent danger exception. *See id.* at 1056-57. In contrast, in the present action, Plaintiff's allegations of his hepatitis C condition and bunion deformity do not trigger the imminent danger exception because they are completely unconnected to Plaintiff's religious practices claims. *Cf. id.* (an *ongoing* danger, such as prison officials continuing with a

practice that had caused injury to plaintiff or other similarly situated inmates will satisfy the imminent danger exception).

In sum, Plaintiff cannot show that his religious practices claims arising from his exclusion from the prison's "Ramadan Meal Program," impacted his health conditions such that it created a serious danger of physical harm to him, imminent or otherwise. Therefore, Plaintiff has not shown that he is entitled to the imminent danger exception under section 1915(g) to avoid dismissal without prejudice. Plaintiff's IFP status is therefore revoked. *See Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998) (revoking IFP status on appeal on three strikes grounds); *Patton v. Jefferson Corr. Center*, 136 F.3d 458, 461, 465 (5th Cir. 1998) (district court correctly revoked IFP upon discovering on remand that plaintiff had five prior strikes). Accordingly, the Court GRANTS Defendants' motion to revoke Plaintiff's IFP status, and to dismiss the action without prejudice. Dkt. 25.

## IV. CONCLUSION

For the reasons outlined above, the Court orders as follows:

1. This Court GRANTS Defendants' request for judicial notice of the court documents provided in support of the motion to dismiss on the grounds that Plaintiff is barred from proceeding IFP under 28 U.S.C. § 1915(g). Dkt. 26.

2. The Court GRANTS Defendants' motion to revoke Plaintiff's IFP status, pursuant to 28 U.S.C. § 1915(g), and to dismiss the action without prejudice. Dkt. 25. Leave to proceed IFP is REVOKED, and the portion of the Court's July 24, 2017 Order granting Plaintiff IFP status (Dkt. 15) is VACATED.

3. This case is DISMISSED without prejudice to Plaintiff's filing a motion to reopen no later than **twenty-eight (28) days** from the date of this Order accompanied by the full filing fee of $350.00. *See* 28 U.S.C. § 1915(g). **If Plaintiff fails to file a motion to reopen and pay the full filing fee within the twenty-eight-day time frame, then he may pursue his claims by filing a *new* civil rights case in which he pays the full filing fee.**

4. The Clerk of the Court shall terminate all remaining pending motions as moot (dkts. 29, 36, 37, 42, 45, 53, 56, 57, 58, 59, 60, 61, 74) without prejudice to refiling if Plaintiff

files a motion to reopen with the new filing fee.

5. The Clerk shall also close the case.

6. This Order terminates Docket Nos. 25, 29, 36, 37, 42, 45, 53, 56, 57, 58, 59, 60, 61 and 74.

IT IS SO ORDERED.

Dated: July 2, 2018

_____
YVONNE GONZALEZ ROGERS
United States District Judge