|   |   |
|---|---|
| UNITED STATES DISTRICT COURT | |
| NORTHERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| KENNETH EVANS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>IMEM Q. KAWSAR HOSSAIN, et al.,<br><br>　　　　　Defendants. | Case No. 16-cv-07318-YGR (PR)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

On December 23, 2016, Plaintiff, a practicing Muslim and state prisoner, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that prison officials at San Quentin State Prison ("SQSP") have denied him the opportunity to participate in the prison's "Ramadan Meal Program," in accordance with his Muslim religious beliefs and in violation of his constitutional rights and those guaranteed under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1. Dkt. 1 at 4.[1] Plaintiff named the following Defendants: Governor of the State of California Edmund G. Brown, Jr.; California Department of Corrections and Rehabilitation Secretary Scott Kernan; SQSP Muslim Chaplain Q. Kawsar Hossain; SQSP Appeals Coordinator L. Rangel; and SQSP Correctional Officer C. Koenig. *Id.* at 5. Plaintiff sought declaratory and injunctive relief, as well as monetary and punitive damages. *Id.* at 8-10.

On July 24, 2017, the Court granted Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP"). Dkt. 15. On July 26, 2017, the Court issued an Order of Partial Dismissal and Service. Dkt. 16.

On July 2, 2018, because Plaintiff had "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," *see Andrews v. King*, 398 F.3d 1113, 1120-21 (9th Cir. 2005), and because he had failed to show he was entitled to the imminent danger of serious physical injury exception

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by the parties.

under 28 U.S.C. § 1915(g), the Court granted Defendants' motion to revoke Plaintiff's IFP status and to dismiss the action without prejudice to bringing in a paid complaint. Dkt. 75. The Court then revoked Plaintiff's IFP status, and vacated its July 24, 2017 Order granting IFP. *See id.*

On July 13, 2018, Plaintiff filed a motion for reconsideration. Dkt. 76.

Where the Court's ruling has resulted in a final judgment or order, as here, a motion for reconsideration may be based either on Rule 59(e) (motion to alter or amend judgment) or Rule 60(b) (motion for relief from judgment) of the Federal Rules of Civil Procedure. Because Plaintiff's motion was not filed within ten days of entry of judgment, as is required for a Rule 59(e) motion, it will be treated as a Rule 60(b) motion.

Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the Court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); *School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993). "Rule 60(b) [] provides a mechanism for parties to seek relief from a judgment when 'it is no longer equitable that the judgment should have prospective application,' or when there is any other reason justifying relief from judgment." *Jeff D. v. Kempthorne*, 365 F.3d 844, 853-54 (9th Cir. 2004) (quoting Fed. R. Civ. P. 60(b)).

Subparagraph (6) requires a showing that the grounds justifying relief are extraordinary. Mere dissatisfaction with the Court's order, or belief that the Court is wrong in its decision, are not grounds for relief under subparagraph (6) or any other provision of Rule 60(b). "'[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (quoting *United States v. Desert Gold Mining Co.*, 433 F.2d 713, 715 (9th Cir. 1970)).

The Court finds nothing in Plaintiff's allegations in his motion for reconsideration that merits reconsideration. In his motion for reconsideration, Plaintiff seems to be challenging the Court's section 1915(g) dismissal by alleging that he meets the imminent danger exception

because he was diagnosed with "Chronic hepatitis C virus genotype 1a, stage I [based on a] liver biopsy in 2012." Dkt. 76 at 2. However, the plain language of the imminent danger clause in section 1915(g) indicates that "imminent danger" is to be assessed at the time of filing of the complaint. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("*Andrews II*"). The conditions that existed at some earlier or later time are not relevant. *See id.* at 1053 n.5 (post-filing transfer of prisoner out of the prison at which danger allegedly existed may have made moot his request for injunctive relief against the alleged danger, but it does not affect the section 1915(g) analysis). Furthermore, the Court previously rejected this very issue prior to granting Defendants' motion to revoke Plaintiff's IFP status, stating as follows:

> The Court notes that Plaintiff fails to make reference to any hepatitis C infection or bunion deformity in his complaint. *See* Dkt. 1. Such allegations of Plaintiff's long-standing health problems do not show he "faced 'imminent danger of serious physical injury' at the time of filing." *See Andrews II*, 493 F.3d at 1055. Said differently, Plaintiff's argument that he suffered from certain health problems two years prior is of no consequence because imminent danger for purposes of the section 1915(g) exception is assessed at the time the action at issue was filed, "not at some earlier or later time." *Id.* at 1053.
>
> "[A] prisoner who alleges that prison officials continue with a practice that has injured him or others similarly situated in the past will satisfy the "ongoing danger" standard and meet the imminence prong of the three strikes exception." *See id.* at 1056-57. In *Andrews II*, the plaintiff alleged in his complaint that the ongoing practice of not screening and segregating inmates with HIV and hepatitis C threatened his health, in violation of the Eighth Amendment. *See id.* at 1050. The Ninth Circuit determined that plausible allegations by the plaintiff in *Andrews II* that prison conditions may cause or worsen a chronic condition such as HIV or hepatitis C was sufficient to bring the complaint within the imminent danger exception. *See id.* at 1056-57. In contrast, in the present action, Plaintiff's allegations of his hepatitis C condition and bunion deformity do not trigger the imminent danger exception because they are completely unconnected to Plaintiff's religious practices claims. *Cf. id.* (an *ongoing* danger, such as prison officials continuing with a practice that had caused injury to plaintiff or other similarly situated inmates will satisfy the imminent danger exception).

Dkt. 75 at 10-11. Thus, the Court finds that Plaintiff's allegations present no grounds that warrant reconsideration. Therefore, the Court reaffirms its dismissal of his action pursuant to section 1915(g).

Accordingly, Plaintiff's motion for reconsideration is DENIED.

This Order terminates Docket No. 76.

IT IS SO ORDERED.

Dated:

YVONNE GONZALEZ ROGERS
United States District Judge